IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00678-MJW

SIMAO PEDRO CATCHAI,

Plaintiff,

v.

FORT MORGAN TIMES, Local newspaper and
KENNY MARTINEZ, Owner of "Pro ever Green,"

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that defendant Martinez's Motion for Leave to Amend Motion to Dismiss (Docket No. 18) is denied.

Rather than simply withdrawing his prior Motion to Dismiss (Docket No. 10), which concerns the first Amended Complaint (Docket No. 7), and filing a Motion to Dismiss with respect to the second Amended Complaint (Docket No. 12), defendant seeks to amend his Motion to Dismiss (Docket No. 10) pursuant to Fed. R. Civ. P. 15(a)(2). Defendant's reliance upon Rule 15, however, is misplaced because that rule addresses motions to amend "pleadings," and a motion for dismissal is not a "pleading." See Sorbo v. United Parcel Serv., 432 F.3d 1169, 1177 (10th Cir. 2005) ("Pleadings are categorically distinguished from motions, see Rule 7(a) & (b), and the provisions of Rule 15 regarding amendments and their relation-back apply only to pleadings."); Albany Ins. Co. v. Almacenadora Somex, S.A., 5 F.3d 907, 911 (5th Cir. 1993) (holding that "a motion to dismiss is not a 'pleading' for the purposes of Rule 15(a)."); Hainey v. Sirmons, 2007 WL 2769628, at *1 (W.D. Okla. Sept. 18, 2007) ("the movants rely on Fed. R. Civ. P. 15, which addresses motions to amend 'pleadings.' Fed.R. Civ. P. 15(a). But a motion for dismissal . . . is not a pleading."). Furthermore, the tendered Amended Motion to Dismiss (Docket No. 18-1) improperly adopts and incorporates by reference all allegations contained in the Motion to Dismiss (Docket No. 10) and also fails to comply with D.C.COLO.LCivR 10.1(e).

Date: June 4, 2015