IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00678-MJW

SIMAO PEDRO CATCHAI,

Plaintiff,

v.

FORT MORGAN TIMES, Local newspaper and
KENNY MARTINEZ, Owner of "Pro ever Green,"

Defendants.

---

**ORDER ON**
**SECOND MOTION TO DISMISS FILED BY DEFENDANT KENNY MARTINEZ**
**(Docket No. 20)**
**and**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT BY DEFENDANT PRAIRIE**
**MOUNTAIN PUBLISHING LLP, d/b/a *FORT MORGAN TIMES***
**(Docket No. 30)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court for all purposes pursuant to the Court's Pilot

Program and 28 U.S.C. § 636(c) upon consent of the parties and the Order of Reference

Upon Consent to Jurisdiction of Magistrate Judge issued by Chief Judge Marcia S.

Krieger on July 17, 2015 (Docket No. 38; see Docket No. 35  - Consent).

Now before the court are the following two dispositive motions:  (1)  the Second[1]

Motion to Dismiss Filed by defendant Kenny Martinez (Docket No. 20) and (2) the

Motion to Dismiss Second Amended Complaint by Defendant Prairie Mountain

---

[1]Defendant Martinez's first Motion to Dismiss (Docket No. 10) was deemed
withdrawn due to his statement in his Second Motion to Dismiss (see Docket No. 21).

2

Publishing LLP, d/b/a *Fort Morgan Times* (Docket No. 30) accompanied by Declarations of Ashley I. Kissinger, Esq., and attached exhibits (Docket Nos. 31 and 32).  Plaintiff filed a combined response to both motions (Docket No. 45), and defendants filed replies (Docket Nos. 54 and 55).  The court has very carefully reviewed and considered these motion papers as well as applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court file.  The court now being fully informed makes the following findings, conclusions of law, and order.

**Plaintiff's Allegations**

The pro se plaintiff[2] alleges the following in his Second Amended Complaint. (Docket No. 12).  Plaintiff, Simao Pedro Catchai, who is also known as Simon Peter, is an ordained Minister who worked as a volunteer soccer coach with children from ages 10 to 12 for the Department of Recreation Center in the City of Fort Morgan.  He is a citizen of Angola and is a lawful resident, not yet admitted as a permanent resident.

On July 29, 2014, defendant *Fort Morgan Times* (hereinafter "defendant newspaper") knowingly and maliciously published a false statement which stated "Simao Catchai 42, Fort Morgan, check fraud."  The original charge filed with the Morgan County court on June 24, 2014, was for "theft," not "check fraud."  The charge was later dismissed by the District Attorney on October 4, 2014, because it lacked evidence, and it was replaced with a charge of "criminal mischief."

Plaintiff's neighbor, defendant Martinez, called the police and misled the officer.

---

[2]On September 8, 2015, a *pro bono* attorney was selected for the plaintiff pursuant to D.C.COLO.LAtty 15(f).  (Docket No. 50). Counsel had 30 days from that date to enter an appearance, but he has not done so.

3

Martinez, motivated by malice, lied to the officer by stating that plaintiff went through Martinez's mail box, stole the check that was sent to Martinez, and tried to cash it. Martinez, however, "cannot prove this statement with scientific evidences or by any eye witness, to confirm that what he said was true."  (Docket No. 12 at 7, ¶ 21).  Martinez is guilty of defamation.  The false statement that led to the wrong charge of theft and the publication of check fraud by the *Fort Morgan Times* were both well motivated by malice.

According to plaintiff, the incident surrounding the check was neither "theft" nor "check fraud."  On May 17, 2014, plaintiff had the last game of the season with his soccer team called "Green," and the parents of the children congratulated him.  Two days later, on May 19, 2014, at about 5 p.m., plaintiff received mail in his mail box with his address, sent to "Pro ever Green," which is the business of which Martinez claims to be the owner.  Plaintiff thought the mail was his and may be a gift from one of the parents of his soccer players.  Plaintiff opened the envelope, endorsed the check, and deposited it into his Wells Fargo bank account through an ATM.  There was no attempted forgery or theft.  "It was an accident created by the conflict of address and business name."  (Docket No. 12 at 7, ¶ 21).

Martinez contacted the check issuer because he did not receive the check.  The check issuer later determined that the check was endorsed by plaintiff and deposited to his account.  Wells Fargo returned the check amount, $1,166.00, to Martinez on May 23, 2014.

When plaintiff was served with the theft charge, he contacted Martinez to ask forgiveness about the mistake.  Martinez, who was plaintiff's neighbor for more than three years, refused to forgive and vowed to press the charge.  Their landlord, Jerry

4

Roberts, was contacted by Martinez, who was attempting to assassinate plaintiff's character.  The landlord offered Martinez free rent for the next month if the charge was dropped, but Martinez refused the offer and vowed to press the charge.  Martinez did so because he knew that it was better to get plaintiff deported.

Plaintiff subsequently contacted the newspaper with a written complaint, which was ignored.  The newspaper had previously reported that plaintiff had preached in a local church in Snyder, Colorado.  Plaintiff is thus a public figure.

As a result of the publication, plaintiff's integrity, reputation, and dignity were harmed.  Plaintiff was degraded, harmed, and subject to public hatred and ridicule.  Both Martinez and *Fort Morgan Times* knew their statements were false and would subject harm to plaintiff's reputation.  The theft charge did hurt plaintiff's record with Immigration, and plaintiff lost his volunteer soccer coach position because of the wrong charge.  He was evicted because he could not get a job because of the wrong criminal record.

Defendants' actions violated plaintiff's right to free speech under the First Amendment by slandering his name, business, and reputation in the community and forcing him to retain legal advisors.  In addition, defendants violated his due process rights under the Fifth and Fourteenth Amendments.  He is thus seeking damages pursuant to 42 U.S.C. § 1983 totaling $3 million.

## Defendants' Motions to Dismiss

Defendant Martinez, plaintiff's former neighbor, seeks dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) regarding the plaintiff's constitutional claims and claim under § 1983, plaintiff has not pled any

facts that demonstrate that Martinez violated any of plaintiff's constitutional rights or that Martinez acted under the color of any state law; and (2) regarding the apparent defamation claim, substantial truth is a complete defense, and plaintiff has not pled facts sufficient to satisfy all of the elements of a defamation claim.  Defendant newspaper seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) the two-line report at issue is a fair and accurate description of information contained in a Fort Morgan Police Department Incident Report, a document that is available to any member of the public, and it is thus privileged under the fair report doctrine regardless of whether it is true or false; (2) the report is substantially true in any event and therefore privileged under the First Amendments; (3) plaintiff's allegations as a matter of law due not suffice to demonstrate actual malice as is required to succeed on a defamation claim arising from a report on a matter of public concern; and (4) plaintiff does not and could not allege any facts forming a basis for finding that the newspaper is a "state actor;" and (5) plaintiff has not alleged facts sufficient to show plausibly that the newspaper's act of publishing the report violated a constitutional or federal right.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to

6

dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations omitted).  The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'"  Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'"  Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

Plaintiff is proceeding pro se.  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).  See  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers).  However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  See Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's

behalf); <u>Drake v. City of Fort Collins</u>, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  "The plaintiff's *pro se* status does not entitle him to application of different rules."  <u>Wells v. Krebs</u>, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

A court generally considers only the contents of the Complaint when ruling on a motion to dismiss brought pursuant to Rule 12(b)(6).  "Exceptions to this general rule include: documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes their authenticity; and 'matters of which a court may take judicial notice.'"  <u>Henson v. Bank of Am.</u>, 935 F. Supp.2d 1128, 1136 (D. Colo. 2013) (quoting <u>Gee v. Pacheco</u>, 627 F.3d 1178, 1186 (10th Cir. 2010)).  "If a plaintiff does not incorporate by reference or attach a document to its complaint, a defendant may submit an undisputably authentic copy which may be considered in ruling on a motion to dismiss."  <u>Id.</u>  Here, defendant newspaper submitted the following exhibits with its motion to dismiss: (1) the Incident Report dated May 22, 2014 (Docket No. 31-1), (2) pages one and three of the July 29, 2014, issue of the Fort Morgan Times referenced in plaintiff's Second Amended Complaint (Docket No. 31-2);(3) a copy of the check at issue (Docket No. 32-2 at 2); and (4) the case file from the case <u>People of the State of Colorado v. Simao Pedro Catchai</u>, No. 2014 M 000265 (Morgan Cty. Dist. Ct.), obtained through an open records request.  In his Amended Complaint, plaintiff specifically refers to the first three documents listed above, and he has not disputed the authenticity of any of these documents.  In addition, the court may take judicial notice of the court records from Morgan County District Court.

9

This court finds that the allegations against the both defendants do not state an actionable claim under § 1983. Even construing the allegations in the Amended Complaint in a light most favorable to the plaintiff, he has not alleged facts sufficiently plausible to suggest that the defendants were functioning in any capacity other than as private actors. To state a valid claim under § 1983, a plaintiff must allege the violation of a constitutional or federal statutory right and that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff has not done so here. Therefore, his § 1983 claims shall be dismissed.

It appears plaintiff may also be raising a defamation claim. The elements of such a cause of action in Colorado are: "(1) a defamatory statement concerning another, (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by the publication." McIntyre v. Jones, 194 P.3d 519, 523-24 (Colo. App. 2008). With respect to defendant newspaper, "[a] defamation claim must fail if the challenged statement is privileged under the common law doctrine of fair report. Where applicable, this doctrine protects the reporter of defamatory statements even if the reporter believes or knows the statements to be false." Wilson v. Meyer, 126 P.3d 276, 279 (Colo. App. 2005). As the Colorado Court of Appeals has explained, "[t]he public properly relies on news media to report actions that affect the public interest, and news outlets will be willing to make such reports only if they will be free from liability, provided that their reports are fair and accurate." Id. at 280.

The court agrees with defendant newspaper that such privilege applies here and

10

bars plaintiff's defamation claim against the newspaper.  The brief news report merely stated under the headings "**ON THE BEAT** Morgan Police Arrests": "**Simao Catchai**, 42, Fort Morgan, check fraud of $1,166, 516.5 State St., between 8 a.m. May 14 and 4 p.m. May 20." (Docket No. 31-2 at 3).  Plaintiff takes issue with the "check fraud " charge that was reported, but that charge is exactly what was stated in the police report concerning the incident.  (See Docket No. 31-1 at 2, Fort Morgan Police Dept. Incident Report).  The Synopsis contained in the police report states in pertinent part: "Offense/Check Fraud. Location/516 ½ State Date Btwn/051414 at 0800 hours and 052014 at 1600 hours . . . Amount/$1166.00 . . .  Arrestee/Catchai, Simao Pedro.  Age/42. . . ."  All of this information was accurately reported in the newspaper's arrest report.  Accordingly, the defamation claim against the newspaper shall be dismissed.  See Finelli v. Tepfer, 2009 WL 1424688 (Conn. Super. Ct. Apr. 23, 2009) ("An arrest by a law enforcement officer is an official action.  A report of the fact of the arrest and of the criminal charge made by a law enforcement officer and of the contents of an arrest warrant or arrest report is within the fair report privilege.").

The court further agrees with defendant Martinez that plaintiff has failed to plead any facts indicating that his defamation claim is plausible on its face.  It appears that plaintiff bases his defamation claim against Martinez on Martinez's purported statement to the police that plaintiff "went through my mail box stole the check and tried to cash it." (Docket No. 12 at 2, ¶ 6).  The police report, however, states that Martinez, who is the owner of Pro Evergreen's Services in Fort Morgan, said the following to the police officer:

he had done some work for Graff's Turf Farms and was expecting a check

11

in the mail from them for this work. [Martinez] stated to me he had done some work for Graff's Turf Farms and was expecting a check in the mail from them for his work. [Martinez] stated he contacted Graff's Turf Farms and asked when they had sent the check because he was expecting it a week ago.  Graff's Turf Farms informed [Martinez] the check was sent out on the 14th of May and he should have had it by now.

After some investigation Graff's Turf Farms had been notified by Morgan Federal Bank of a check that was cashed from their account that possibly could have a forged or unidentified endorsement signature on the back of the check. [Martinez] **had assumed from this somebody had went through his mail in his mailbox, taken the check, and tried to cash it.  From the name given on the back of the check, [Martinez] said the individual lives next door to him. [Martinez] said that his name was Simao Catcahi**, unknown date of birth.  Simao apparently lives at 516 State Street apartment B in the City of Fort Morgan. . . .
(Docket No. 31-1) (emphasis added).

An allegedly defamatory statement must be examined in the context in which it

was made, including the entire statement and the audience to whom it was directed.

Burns v. McGraw-Hill Broad. Co., Inc., 659 P.2d 1351, 1360 (Colo. 1983).  Furthermore,

"[a] defendant asserting truth as a defense in a libel action is not required to justify every

word of the alleged defamatory matter; it is sufficient if the substance, the gist, the sting,

of the matter is true."  Gomba v. McLaughlin, 504 P.2d 337, 339 (Colo. 1972).  A motion

to dismiss for failure to state a claim can be granted on the basis that the challenged

publication was substantially true.  Fry v. Lee, 2013 WL 3441546, at *5 (Colo. App. June

20, 2013).  Whether a statement is defamatory is a question of law.  See Gordon v.

Boyles, 99 P.3d 75, 79 (Colo. App. 2004).

Here, the substance of the statements Martinez made to the police officer, as

contained in the police report, are substantially true.  Plaintiff admits he endorsed and

deposited the check.  Therefore, Martinez's statement in the report that plaintiff tried to

cash the check is true.  Furthermore, the police officer merely stated in his report that

12

Martinez said he <u>assumed</u> that somebody had gone through his mail in the mailbox and taken then check.  There is no statement by Martinez in the report that plaintiff had actually gone through Martinez's mail and taken the check.  Therefore, plaintiff's defamation claim against Martinez shall thus also be dismissed pursuant to Fed. R. Civ P. 12(b)(6).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Second Motion to Dismiss Filed by defendant Kenny Martinez (Docket No. 20) is **GRANTED**.  It is further

**ORDERED** that the Motion to Dismiss Second Amended Complaint by Defendant Prairie Mountain Publishing LLP, d/b/a *Fort Morgan Times* (Docket No. 30) is **GRANTED**.  It is further

**ORDERED** that the Final Pretrial Conference set on April 14, 2016, at 9:30 a.m. is **VACATED**.  It is further

**ORDERED** that defendants shall have their costs.  It is further

**ORDERED** that the Clerk shall enter final judgment in accordance with this Order.


Date:  November 3, 2015                    s/ Michael J. Watanabe
       Denver, Colorado                    Michael J. Watanabe
                                           United States Magistrate Judge